**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL SERGEANT RIVERRA,<br><br>　　　　　Defendant. | Case No. CV 13-08346 JFW (SS)<br><br>**MEMORANDUM AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On December 4, 2013, Eric White ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks

---
[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 797-98 (9th Cir. 1991).

redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27, 1126 n.7 (9th Cir. 2000) (en banc).

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues Correctional Sergeant Riverra ("Defendant"), an employee of California State Prison-Los Angeles ("CSP-LA"), in his individual and official capacities. (Complaint at 2).

According to the Complaint, before his conviction, Plaintiff was a pretrial detainee at the Men's Central Jail ("MCJ") in downtown Los Angeles. (Id. at 2). At the time, Defendant was a Los Angeles County Sheriff's Deputy assigned to MCJ. (Id.). While at MCJ, Plaintiff witnessed deputies physically abusing other pretrial detainees and was himself "abused, assaulted, an[d] physically mistreated . . . ." (Id.). Plaintiff cooperated with federal authorities in an ongoing investigation of the deputies' abuse. (Id. at 2-4). Plaintiff's mother, Elaine Guardado, also complained to various agencies about the abuse Plaintiff suffered at MCJ. (Id. at 2).
//

1    Following his conviction, Plaintiff was sent to Salinas
2    Valley State Prison and later, in October 2012, to CSP-LA, where
3    he is currently housed. (Id.). Around the time of Plaintiff's
4    transfer to CSP-LA, CSP-LA hired Defendant as a correctional
5    official. (Id.).

7    At CSP-LA, Defendant was the supervisor in charge of inmate
8    visitation on the D-Facility. (Id.). Plaintiff claims that
9    Defendant routinely denied visitation requests from Plaintiff's
10   mother as retaliation for Plaintiff's cooperation with
11   authorities during the federal investigation at MCJ. (Id. at 3-
12   4). According to Plaintiff, "Defendant Riverra created an
13   arbitrary pretext to further create cause and reason for denying
14   Plaintiff and mother visiting [sic]." (Id. at 3). As a result,
15   between October 2012 and August 2013, Plaintiff was "deprived and
16   denied various visiting weekends with [his] mother, some of which
17   Plaintiff['s] mother begged and pleaded [sic] with prison
18   officials to rectify Defendant Riverra's retaliatory
19   denial . . . ." (Id.).

21   Plaintiff attempted to file a grievance for "relief from
22   [D]efendant's harassing retaliatory act." (Id.). However,
23   "Defendant Riverra purposely frustrated the process by refusing
24   to provide an informal response to Plaintiff['s] dispute."
25   (Id.). Moreover, when Plaintiff attempted to "bypass" the
26   informal response requirement because of Defendant's refusal,
27   CSP-LA appeals coordinators told Plaintiff that his grievance
28   could not be processed because "Plaintiff show[ed] no attempt to

3

resolve this dispute with the [D]efendant at the lowest level possible[,] which is the informal level review." (Id.).

Plaintiff eventually obtained an informal response in July 2013, and thereupon filed a second inmate grievance concerning the denial of his mother's visitation rights. (Id.). The grievance was granted at the first level of review and Plaintiff's mother was approved to visit Plaintiff as of August 17, 2013. (Id. at 4).

According to exhibits attached to the Complaint, CSP-LA maintained that Plaintiff's mother's CDC 106 visiting questionnaire was initially disapproved due to missing information. (Id. at 4; Exhibit A at 8, 12).[2] CSP-LA's first level response to Plaintiff's appeal states that "[t]he results of the inquiry revealed that your prospective visitor's CDC 106 Visiting Questionnaire was initially processed and disapproved under provisions set forth in the California Code of Regulations (CCR), Title 15 Section 3172.1. However, your prospective visitor, Ms. Guardado submitted all necessary documentation to receive approval from the visiting department. Ms. Guardado's visiting privileges were approved on August 17, 2013," i.e., approximately ten months after Plaintiff was transferred to CSP-LA. (Exhibit A at 12).

\\

---

[2] The Court will cite to the Complaint and its attached Exhibit as though they formed a single, consecutively-paginated document.

4

Plaintiff asserts that Defendant violated his "First, Sixth, Eighth, and Fourteenth" Amendment rights. (Id. at 1). Plaintiff specifically appears to raise a First Amendment retaliation claim based on the denial of his mother's visitation requests. (Id. at 2-4). Although the Complaint is not entirely clear, it is possible that Plaintiff is also attempting to assert a violation of his due process rights based on Defendant's interference with Plaintiff's attempts to file a grievance. (Id. at 2-4). Plaintiff seeks a total of $25,000 in compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at 5).

## III.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  The Claims Against Defendant In His Official Capacity Are Defective**

Plaintiff sues Defendant in both his individual and official capacities. (Complaint at 2). A suit against a state official

in his official capacity is functionally a suit against the state. <u>Flint v. Dennison</u>, 488 F.3d 816, 824-25 (9th Cir. 2007). However, the Eleventh Amendment bars federal actions for damages, such as a civil rights suit under Section 1983, against states. <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992). Consequently, the Eleventh Amendment also bars claims for damages against state officials acting in their official capacity. <u>See</u> <u>Flint</u>, 488 F.3d at 824-25 ("[S]tate officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity."). Thus, the allegations against Defendant in his "official capacity" are defective and must be dismissed. To the extent that Plaintiff intends to seek damages for violation of his civil rights, he may sue Defendant under Section 1983 in his individual capacity only.

**B.    <u>Plaintiff Fails To State A Claim Under The Sixth Or Eighth Amendments</u>**

Plaintiff claims that Defendant violated his Sixth and Eighth Amendment rights, although he does not clearly identify the bases for those claims. Assuming that Plaintiff is alleging a claim arising out of the Sixth Amendment's guarantee of a criminal defendant's right to counsel, Plaintiff has failed to allege any facts suggesting interference with his right to counsel.

Additionally, Plaintiff claims that his Eighth Amendment rights were violated. (Complaint at 1). The Eighth Amendment prohibits "cruel and unusual" punishments. Rhodes v. Chapman, 452 U.S. 337, 345 (1981). "To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities . . . .'" Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (as amended by 135 F.3d 1318 (9th Cir. 1998)) (quoting Rhodes, 452 U.S. at 347). Additionally, there must be a showing of "'deliberate indifference' by prison personnel or officers." (Id.) (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

Here, it appears that Plaintiff is raising an Eighth Amendment claim because he was denied visits with his mother. (Complaint at 3). "However, there is no constitutional right to 'access to a particular visitor.'" Keenan, 83 F.3d at 1092 (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989)). While prison officials have a duty "to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates[,]" not every injury results in an Eighth Amendment violation. Osolinski v. Kane, 92 F.3d 934, 936-37 (9th Cir. 1996). Denial of visitation with parents does not constitute the denial of "the minimal civilized measure of life's necessities" as required for an Eighth Amendment claim. Keenan, 83 F.3d at 1089. Therefore, "[a]n individual claim based on indefinite withdrawal of visitation or denial of procedural safeguards" does not give rise to a cruel and unusual punishment claim. Overton v. Bazzetta, 539 U.S. 126, 137 (2003).

Accordingly, the Complaint must be dismissed with leave to amend.

**C.  Plaintiff Fails To State A Claim For Retaliation**

Plaintiff alleges that Defendant improperly "used his authority over inmate visitation at CSP-LA to restrict and deny Plaintiff and mother visiting" in retaliation for Plaintiff's cooperation with federal authorities in an MCJ investigation. (Complaint at 3-4). Plaintiff also alleges that Defendant "purposely frustrated the process by refusing to provide an informal response to Plaintiff['s] dispute" when Plaintiff filed a CDCR-602 grievance. (Id. at 3). The Ninth Circuit has set forth the minimum pleading requirements for a Section 1983 claim alleging that prison employees have retaliated against an inmate for exercising a First Amendment right:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). A plaintiff does not have to show that his speech was actually suppressed. A plaintiff's showing that his

8

First Amendment rights were chilled, even if not "necessarily silenced," is enough to state a claim. Id. at 562. Moreover, even if a plaintiff fails to allege a chilling effect on speech, he may still state a claim if he alleges he suffered some other harm. Id. at 568 n.11. No specific threat of harm need be alleged. Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009).

Here, the first four requirements to state a claim for retaliation appear to be satisfied. Plaintiff has alleged that Defendant took adverse action against him by denying his mother visitation privileges. Plaintiff has also alleged that Defendant took this action against him because of his protected conduct, i.e., cooperating as a witness with respect to the abuse Plaintiff witnessed Sheriff's Deputies inflicting on other detainees at MCJ. Finally, Plaintiff has shown that this adverse action caused him to suffer some other harm, such as being denied visitation with his mother.[3]

Plaintiff has not sufficiently alleged, however, that Defendant's actions did not reasonably advance a legitimate correctional goal. Plaintiff admitted in his complaint that CSP-LA provided a legitimate reason why it did not allow his mother to visit him. (Complaint at 4). According to Plaintiff, the institution maintains that the reason it did not allow his mother

---

[3] Although this may be a harm within the context of a retaliation claim, family visitation is not a liberty interest. See Thompson, 490 U.S. at 460-61 (no liberty interest in visits with "a particular visitor").

visitation was because the visiting questionnaire was "initially processed and disapproved under provisions set forth in California Code of Regulations (CCR) Title 15, Section 3172.1." (Id.). Plaintiff has not clearly alleged that the excuse provided by CSP-LA was purely pretextual. Indeed, Plaintiff has merely concluded that Defendant "created the denial of Plaintiff and mother visits." (Id.); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009) (mere conclusory statements, unlike factual allegations, are not entitled to a presumption of truth and that any remaining factual allegations and reasonable inferences from them must plausibly support a claim for relief). Accordingly, to the extent Plaintiff is alleging a claim for retaliation, the Complaint fails to state a claim. Accordingly, the Complaint must be dismissed with leave to amend.

**D.  Plaintiff's Allegations Based Upon His Dissatisfaction With The Administrative Grievance Process Fail To State A Claim**

The existence of a prison grievance procedure does not create any substantive rights enforceable under the Due Process Clause. See, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.") (citations omitted); Doe v. Moore, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by

the Fourteenth Amendment, even where such procedural rights are mandatory.") (internal quotation marks omitted). Consequently, an inmate does not have a right to any particular grievance procedure or result. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction"). Moreover, a prison official's failure to process a grievance, without more, is insufficient to establish liability under section 1983. See Buckey v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's allegations regarding the grievance process are particularly confusing. Plaintiff states in his Complaint that "Defendant Riverra purposely frustrated the process by refusing to provide an informal response to Plaintiff['s] dispute...." (Complaint at 3). As noted above, Plaintiff does not have a constitutional right to any particular grievance procedure or outcome. Accordingly, any purported claim challenging the grievance process must be dismissed.

### IV.
### CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this

action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>

DATED: April 17, 2014

                                          /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE